*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RICKY JONES,

      Plaintiff-Appellant,

v

ASHLEY SMITH,

      Defendant-Appellee.

UNPUBLISHED
June 9, 2022

No. 356865
Kent Circuit Court
LC No. 19-009916-NI

Before: BORRELLO, P.J., and JANSEN and MURRAY, JJ.

MURRAY, J., (*dissenting*).

The trial court dismissed the case based on its conclusion that plaintiff did not create a genuine issue of material fact that he suffered an objectively manifested impairment resulting from the car accident. MCL 500.3135(1); *McCormick v Carrier*, 487 Mich 180, 196; 795 NW2d 517 (2010). Because there was no objective evidence to support plaintiff's subjective complaints, the trial court's order granting defendant's motion for summary disposition should be affirmed.

As recounted by the majority, plaintiff has had significant maladies for many years, mostly from life-long congenital conditions. As a result of these conditions, in 2012 plaintiff had cervical spinal hardware surgically inserted. According to the record, plaintiff's pain level remained very high after the surgery. In fact, he testified that before this accident, it was "10 out of 10." Unfortunately, in 2017 plaintiff was involved in an accident with defendant. Though he did not accept any medical help at the scene, he did go to the hospital the next day. Finding no signs of injury from CAT scans, he was sent home. A week later, plaintiff saw his treating physician, who, after an exam, concluded that plaintiff had no new deficits.

Two years later plaintiff went to a spine specialist, who ordered a CT scan and x-ray of plaintiff's cervical spine. After comparing those tests to plaintiff's post-surgery 2012 records, the specialist concluded that there was no evidence of the implanted hardware being loose or having changed positions. Finally, having not received any options from the spine specialist, plaintiff saw another physician, who recommended the removal of the hardware on the right side of his spinal area. That surgery reduced plaintiff's pain, but the physician likewise admitted that there was no objective evidence of any structural change between 2012 and after the accident.

-1-

None of the above facts are in dispute. In other words, there is no objective evidence that the 2017 accident caused plaintiff any harm to his surgically implanted hardware. Nor is there any objective evidence of any exacerbation of his congenital conditions. There are only plaintiff's subjective complaints of increased damage, which is not enough to create a genuine issue of material fact. *McCormick*, 487 Mich at 198; *Patrick v Turkelson*, 322 Mich App 595, 607; 913 NW2d 369 (2018).

There is no question that this evidence has to be reviewed in a light most favorable to plaintiff, the non-moving party, but even when doing so, the majority is incorrect in quantifying this issue as a "close call." Quite simply, all plaintiff has for evidence are his subjective complaints and testimony; he has no objective evidence backing up his subjective complaints. Dr. Russo's letter does not alter this conclusion, as all he opined was that the accident "could" have increased plaintiff's pain where his pre-existing spinal hardware was located. Critically, Dr. Russo also placed a big caveat on this statement as he had no access to any prior medical records or other information regarding plaintiff's prior neck and pain complaints, and as defendant recounts in its brief, there were many. Nor is there any objective evidence that this car accident played any role in any increased pain experienced by plaintiff. As such, the trial court was required to decide that issue as a matter of law, MCL 500.3135(2)(a), and its conclusion that plaintiff failed to meet his evidentiary burden was correct. I would affirm.


/s/ Christopher M. Murray